WO                                                                                         JWB

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

Larry R. Ratcliff,                          )   No. CV 08-2022-PHX-MHM (DKD)
                                            )
            Plaintiff,                      )   **ORDER**
                                            )
vs.                                         )
                                            )
Dora B. Schriro, et al.,                    )
                                            )
            Defendants.                     )
                                            )

Before the Court is Defendants' Motion to Dismiss (Doc. # 13). The motion is fully briefed (Doc. ## 18, 21). The Court will deny the motion.

**I.     Background**

Plaintiff filed this 42 U.S.C. § 1983 action against the following employees of the Arizona Department of Corrections (ADC): Former ADC Director Dora Schriro, Warden John Palosaari, Deputy Warden K. Curran, Correctional Officer (CO) II J. Cruz, Captain Yielding, and Deputy Warden Gerald Thompson. Plaintiff presented two grounds for relief. In Count I, Plaintiff alleged that his Eighth Amendment rights were violated when, without provocation, Defendant Cruz entered Plaintiff's cell, falsely accused Plaintiff of taking illegal drugs, and assaulted Plaintiff to the extent that Plaintiff was transferred to the hospital for treatment of his injuries (Doc. # 1 at 5).[1] In Count II, Plaintiff alleged that his Eighth Amendment rights were violated because Defendants Schriro, Palosaari, Thompson, Curran, and Yielding were aware of Defendant Cruz's history of assaulting and abusing inmates and

---

[1] CO II Sanchez was dismissed upon screening (Doc. # 4 at 4).

took no action to correct Defendant Cruz's behavior (id. at 14). Plaintiff sought declaratory and injunctive relief and money damages (id. at 17).

Defendants now move to dismiss on the ground that Plaintiff failed to fully exhaust his administrative remedies (Doc. # 13).

**II.     Exhaustion**

    **A.     Legal Standard**

The PLRA provides that a prisoner may not bring a lawsuit with respect to prison conditions under § 1983 unless all available administrative remedies have been exhausted. See 42 U.S.C. § 1997e(a); Vaden v. Summerhill, 449 F.3d 1047, 1050 (9th Cir. 2006); Brown v. Valoff, 422 F.3d 926, 934-35 (9th Cir. 2005). He must complete the administrative review process in accordance with the applicable rules. See Woodford v. Ngo, 548 U.S. 81, 92 (2006). Exhaustion is required for all suits about prison life, Porter v. Nussle, 534 U.S. 516, 523 (2002), regardless of the type of relief offered through the administrative process, Booth v. Churner, 532 U.S. 731, 741 (2001).

Exhaustion is an affirmative defense. Jones v. Bock, 549 U.S. 199, 216 (2007). Defendant bears the burden of raising and proving the absence of exhaustion. Wyatt, 315 F.3d at 1119. Because exhaustion is a matter of abatement in an unenumerated Rule 12(b) motion, a court may look beyond the pleadings to decide disputed issues of fact. Id. at 1119-20. Further, a court has broad discretion as to the method to be used in resolving the factual dispute. Ritza v. Int'l Longshoremen's & Warehousemen's Union, 837 F.2d 365, 369 (9th Cir. 1988) (quotation omitted).

    **B.     Parties' Contentions**

        **1.     Defendants' Motion**

In support of their motion, Defendants submit the affidavit of Aurora Aguilar, ADC Hearing Officer (Doc. # 13, Attach. 1, Aurora Aff. ¶ 1), with exhibits: ADC Department Order (DO) 802 Inmate Grievance Procedure (id., Attach. 1, Ex. 1); and copies of Plaintiff's inmate letters, grievances, and responses thereto (id., Attach. 1, Ex. 2-7).

Defendants contend that DO 802 provides a four-step standard-grievance process, which is generally as follows: (1) an inmate must submit an inmate letter to his assigned Correctional Officer (CO) III, attempting to informally resolve a complaint within 10 days of the action that caused the complaint; (2) if the inmate is not satisfied with the response, he may file a formal grievance to the Grievance Coordinator within 10 calendar days of receipt of the response to the inmate letter; (3) if the inmate is not satisfied with that response, he may file a grievance appeal to a higher official—the Deputy Warden or Warden—within 10 calendar days of the receipt of the Coordinator's response; and (4) if the inmate is not satisfied with the response to his grievance appeal, he may appeal to the ADC Director within 10 calendar days of receipt of the response from the Warden or Deputy Warden (Doc. # 13, Attach. 1, Ex. 1). DO 802 states that inmates may use the grievance process for issues relating to "property, staff, visitation, mail, food service, institutional procedures, Department Written Instructions, program access, medical care, religion and conditions of confinement" (id. at 802.01 § 1.1.1). Defendants further contend that the grievance procedure detailed above is the same process an inmate must follow when filing a grievance against a staff member (id. at 802.12).

Defendants argue that Plaintiff did not appeal any inmate grievances to the Director's level claiming that Defendant Cruz falsely accused Plaintiff of swallowing illegal drugs and assaulted Plaintiff to the extent that he was transferred to the hospital. Further, Defendants contend that Plaintiff did not appeal any inmate grievances to the Director's level claiming that the remaining Defendants were aware of Defendant Cruz's abusive history, failed to take corrective action, and tacitly approved of such behavior (Doc. # 13 at 6).

### 2. **Plaintiff's Response**

In response, Plaintiff alleges that Defendants have allowed their subordinates to disregard and ignore Plaintiff's "properly submitted documents and the mandatory directives and requirements of their administrative grievance system" (Doc. # 18 at 2). Plaintiff claims that Defendants have submitted "false and fraudulent documents" to support their motion to mislead and perpetuate a fraud on the Court.

Plaintiff claims that he never received any assistance during the grievance process and at no time did he ever receive notice that he had filed something improperly or untimely. Rather, Plaintiff asserts that prison officials accepted his filings and failed to process them, which rendered the process unavailable to Plaintiff (id. at 5).

With respect to his grievances, Plaintiff argues that he was required to comply with the procedures for filing a "Staff Grievance" under the ADC's grievance procedure, as opposed to a "Standard Grievance" (id. at 8). A Staff Grievance is only a three-step process, as opposed to the Standard Grievance's four-step process, and includes an informal resolution, a formal grievance to the Warden or Deputy Warden, and a grievance appeal to the Director (id. at 9).

Plaintiff asserts that he filed his informal resolution on August 19, 2008, two days after the alleged assault (id. at 10). Plaintiff argues that Defendants had 10 working days to respond to Plaintiff's information resolution, but they failed to do so. Therefore, on September 10, 2008, Plaintiff filed a formal grievance (id. at 11). Plaintiff alleges that this formal grievance was not logged properly or forwarded to the Warden or Deputy Warden for review and response pursuant to the grievance policy. Plaintiff claims that after he never received a response to his formal grievance, he submitted a grievance appeal on October 13, 2008 (id.). Plaintiff acknowledges that he mistitled the grievance appeal; he should have listed the Director as the recipient, but he addressed the grievance appeal to the Warden or Deputy Warden. Plaintiff contends that he never received a response to this grievance appeal, which inhibited Plaintiff from exhausting the administrative remedies at the prison. Plaintiff states that he filed a grievance appeal to the Director on October 28, 2008, but never received a response (id. at 12).

Plaintiff then sent an inmate letter to Schriro on October 29, 2008, to inform her that he never received a single response to any of his grievances (id. at 13). Plaintiff also assets that he never received a response to this inmate letter, despite Defendants' assertion that Appeals Officer Cheryl Dosset responded to Plaintiff on November 7, 2008, telling Plaintiff to file a grievance (id.). Plaintiff alleges that Defendants fraudulently created and altered

1 documents in support of their motion in order to mislead the Court (id. at 14-18). Plaintiff
2 concludes that because Defendants took no action on any of his grievances, he had no other
3 available administrative remedies (id. at 19-20)

### 3. Defendants' Reply

In reply, Defendants shift the focus of their argument that Plaintiff failed to exhaust his administrative remedies. Defendants acknowledge that Plaintiff filed an inmate letter on August 19, 2008, but they contend that Plaintiff did not provide sufficient information of what he was seeking as a resolution, thereby rendering the inmate letter deficient under the grievance policy (Doc. # 21 at 2). Defendants further acknowledge that Plaintiff went on to the next step in the grievance procedure and filed a formal grievance on September 10, 2008. Defendants complain, however, that Plaintiff's formal grievance sought one million dollars in damages, which is not an available resolution (id.). Defendants also confirm that Plaintiff submitted an Inmate Grievance Appeal to the Warden or Deputy Warden on October 13, 2008. But Defendants argue that this grievance appeal focuses on Defendants' failure to respond to Plaintiff's grievances and not the underlying assault (id. at 2-3). With respect to Plaintiff's October 28, 2008 grievance appeal to Schriro, Defendants maintain that this appeal also focused on the failure to respond to Plaintiff's grievances and not Plaintiff's underlying claims (id. at 3).

Defendants assert that Plaintiff then filed an inmate letter to Schriro on October 29, 2008, complaining about ADC staff's failure to respond to his grievances. Defendants contend that Appeals Officer Cheryl Dosset responded to Plaintiff's October 29, 2008 inmate letter on November 7, 2008, informing Plaintiff that he can proceed to file a formal grievance. Defendants argue that Plaintiff did not file a grievance pursuant to Dosset's November 7, 2008 response (id.).

Defendants further contend that CO III Bruemmer responded to Plaintiff's October 28, 2008 inmate letter, informing Plaintiff that a copy of his letter was sent to Cruz's supervisor who "redirected the officer in his behavior" (id.). Defendants maintain that Plaintiff did not file an appeal to that response. As a result, Defendants contend that Plaintiff

1  failed to properly exhaust his claims and they are ripe for dismissal.

2  **IV.    Analysis**

3     As articulated above, Defendants have the burden of proving lack of exhaustion and therefore must demonstrate that there were remedies available to Plaintiff. See Wyatt, 315 F.3d at 1119; Brown, 422 F.3d at 936-37.

6     Plaintiff's claim stems from an incident involving Cruz's alleged use of excessive force on August 17, 2008 (Doc. # 18, Ex. B, Inmate Letter Dated August 19, 2008). The record reflects that Plaintiff filed: (1) an informal resolution on August 19, 2008; (2) a formal grievance September 10, 2008; (3) a grievance appeal to the Warden or Deputy Warden on October 13, 2008; and (4) a grievance appeal to the Director on October 28, 2008 (id.). Defendants acknowledge the filing of these documents, see Doc. # 21 at 2, but contend that Plaintiff "failed to properly request what he wanted ADC staff to do to resolve his issue of excessive force[.] . . ." Further, Defendants argue that Plaintiff's grievances did not focus on the alleged excessive force but on ADC staff's failure to respond to his grievances. Consequently, Defendants argue that Plaintiff's claims should be dismissed pursuant to Griffin v. Arpaio, 557 F.3d 1117 (9th Cir. 2009).

17    Defendants' argument is unavailing because the Court has reviewed all of Plaintiff's grievances and finds that Plaintiff sufficiently alerted prison authorities to the nature of his claim against Cruz and the other officers who allegedly knew he was a danger to inmates but failed to take any corrective action. See Porter, 534 U.S. at 525 (purpose of exhaustion requirement is to give officials "time and opportunity to address complaints internally before allowing the initiation of a federal case"). For example, in Plaintiff's September 10, 2008 grievance, Plaintiff specifically states that Cruz "knew [Plaintiff] could not defend [him]self and still he continued to slam [his] head into the wall" (Doc. # 18, Ex. B). Plaintiff went on to state that individuals knew about prior violent incidents involving Cruz and failed to remove Cruz from the yard (id.). This is sufficient to "alert[] the prison of the nature of the wrong for which redress is sought." Griffin, 557 F.3d 1117, 1120. Additionally, Plaintiff's grievance appeal to Schriro contains similar statements that were sufficient to put Defendants

on notice as to the nature of Plaintiff's claims. And while it is true that the grievance appeal also mentions ADC staff's failure to respond to any of his initial grievances, Defendants do not provide any legal support for the conclusion that Plaintiff's grievances are legally insufficient because they included this additional complaint.

Further, Plaintiff was never informed by any ADC official that his grievances or appeals were procedurally improper. Consequently, Defendants' contention that Plaintiff's requests for monetary relief in his grievances were improper is unavailing, particularly in view of the requirement that Plaintiff use the grievance system even if he seeks a remedy that is not available. See O'Guinn v. Lovelock Corr. Center, 502 F.3d 1056, 1061 (9th Cir. 2007) ("A prisoner must exhaust administrative remedies even when the prisoner's suit seeks monetary damages that are unavailable through the prison's grievance process.").

The grievance procedure makes clear that an inmate may press on to the next step if he does not receive a response to one of his grievances (Doc. # 13, Attach. 1, Ex. 1 at 802.07 § 1.2.4). This is precisely what Plaintiff did. Instead of abandoning the grievance procedure, he pressed on and fulfilled all of its requirements. Defendants have not provided a sound basis to find otherwise.

The Court also find Defendants' argument that Plaintiff should have begun the grievance process anew in response to Dossett's November 7, 2008 response is unpersuasive for two reasons. First, Dosset provides no discernable reason why Plaintiff should be forced to begin the process again when he had just completed the process. Second, and more importantly, Defendants have not adduced any evidence that Plaintiff received a copy of Dosset's response such that he had notice to begin the process anew.

The Court finds that Plaintiff has exhausted the claims presented in his Complaint, and Defendants' motion will be denied.

**IT IS ORDERED** that:

(1) The reference to the Magistrate Judge is **withdrawn** as to Defendants' Motion to Dismiss (Doc. # 13). All other matters in this action remain with the Magistrate Judge for disposition as appropriate.

| | |
|---|---|
| 1 | (2) Defendants' Motion to Dismiss (Doc. # 13) is **denied**. |
| 2 | (3) Defendants must file an Answer to Plaintiff's Complaint within ten days of |
| 3 | the date of filing of this Order. |
| 4 | DATED this 11th day of August, 2009. |

_____
Mary H. Murguia
United States District Judge